IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARIA L. NIPPER,

        Plaintiff,

v.                                                CIVIL ACTION NO.  2:05-cv-00717

VERIZON SERVICES CORP.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff Maria L. Nipper's motion to remand [Docket 6].  For the reasons stated herein, the court **DENIES** the motion.

Nipper filed a civil action in the Circuit Court of Kanawha County, West Virginia, against Verizon Services Corporation ("Verizon").  Nipper alleges Verizon wrongfully terminated her employment because of her disability and her husband's union activities.  Verizon removed the action to federal court on the ground that Nipper pleaded causes of action arising under the Americans with Disabilities Act, the Family and Medical Leave Act, and the National Labor Relations Act ("NLRA").  The court, unable to discern Nipper's state law claims, ordered her to file a brief clarifying her claims.  Nipper filed a brief and Verizon responded.

The NLRA preempts state law claims based on activities prohibited by Sections 7 or 8 of the NLRA.  *Richardson v. Kruchko & Fries*, 966 F.2d 153, 156 (4th Cir. 1992).  Section 8(a)(3) of the NLRA prohibits employers from discharging employees because of participation in union activities.  *Goldtex, Inc. v. N.L.R.B.*, 14 F.3d 1008, 1014 (4th Cir. 1994).  Nipper's claim that Verizon

terminated her employment because of her husband's union activity falls within the scope of conduct proscribed by Section 8(a)(3).[1] *See Stationary Engineers, Local 39, Int'l Union of Operating Eng'rs and Rebecca Wood*, 346 NLRB No. 34, 2006 WL 268756 at *17 (January 31, 2006) (explaining employer violates 8(a)(3) by discharging an employee as reprisal for a relative's union activity); *Harbor Cruises, Ltd. and Int'l Union of Operating Eng'rs, Local No. 37*, 319 NLRB 822, 841–42, 1995 WL 715636 at * 26–27 (November 30, 1995) (finding discharge of son for pretextuous reason violated § 8(a)(3) because real object was reprisal for mother's union activity). Accordingly, the court **FINDS** that Nipper's labor claim is preempted by the NLRA and **DENIES** Nipper's motion to remand.[2]

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

          ENTER:      July 20, 2006

          JOSEPH R. GOODWIN
          UNITED STATES DISTRICT JUDGE

---

[1] Nipper mistakenly contends her labor claims are not preempted by the NLRA because they are subject to the West Virginia Labor-Management Relations Act for the Private Sector ("WVLMRA"), W. Va. Code §§ 21-1A-1 to –7 (2002). Verizon, however, is subject to the requirements of the NLRA and, thus, not subject to the provisions of the WVLMRA. *See* W. Va. Code § 21-1A-2(a)(2) ("Employer . . . shall not include . . . any person subject to the provisions of the 'National Labor Relations Act'").

[2] Pursuant to 28 U.S.C. § 1367(a), the court exercises supplemental jurisdiction over Nipper's remaining claims.